LORRAINE MARYTHA LARSON v.
LEIGHTON WALTER LARSON.

204 N. W. 2d 413.

February 2, 1973—No. 43668.

*O'Connor, Green, Thomas, Walters & Kelly, Joe A. Walters, Hubert H. Humphrey III,* and *James R. Dorsey,* for appellant.

*W. R. Glaeser,* for respondent.

Heard before Knutson, C. J., and Otis, Todd, and Olson, JJ.

PER CURIAM.

Plaintiff appeals from the trial court's order denying her motion to compel defendant to produce income tax records pursuant to a 5-year-old divorce decree; and further from a court order striking from the decree the requirement that defendant annually produce income tax records for the plaintiff. We affirm.

The parties were divorced by decree of court dated February 23, 1966. The decree included and incorporated part of a stipulation between the parties which provided that defendant would annually furnish income tax records to plaintiff. At no time did he so do and after the passage of 5 years plaintiff did not make any motion for change in alimony or support, but moved for an order to compel the production of income tax records. Defendant by a countermotion moved that this portion of the decree be stricken. The court denied plaintiff's motion and granted defendant's motion.

During the course of argument before this court, plaintiff advised the court that the alimony question was now moot since the plaintiff had remarried and the custody question was temporarily moot since the children were now living with their father, although there had been no formal change in the custody portion of the decree.

We affirm the decision of the trial court. No satisfactory reason was shown for the necessity of the production of income tax records, and the record adequately sustains the finding of the trial court. Plaintiff was entitled at all times, whether such a provision was in the decree or not, to commence a motion for adjustment of support and to subpoena the tax records of defendant. Having failed for a period of 5 years to seek enforcement of the provision of the original decree requiring the production of such records on an annual basis, no reasonable justification was shown for requiring the production of such records at this time, and the trial court's order was proper.

Neither party is allowed costs or attorneys' fees on this appeal.

Affirmed.